REICHERT *v.* GUARANTY TRUST CO.

STEVENSON *v.* DETROIT TRUST CO.

1. TRUSTS—CREATION OF TRUST ESTATE—INTENT.

Use of word "trustee" is not in all cases decisive that trust estate has been created, neither does provision for payment of interest clearly negative intent to create such estate, but intent must be gathered from entire instrument.

2. SAME.

Under agreement whereby owners of certain real estate subject to existing mortgage delivered to trust company trust mortgage thereon, holder of existing mortgage delivered to said trust company discharge thereof, and trust company agreed to deduct from proceeds of said trust mortgage sufficient to pay amount of discharged mortgage, and pay same to such parties as might be entitled thereto, said agreement created relationship of trustee and *cestui que trust* between trust company and holder of said discharged mortgage.

3. SAME—INVESTMENT OF TRUST FUNDS—RECEIVERS.

Where certain moneys came into hands of trust company as trust fund, and investments thereof are traceable into bonds in its possession, its receiver is required to deliver said bonds to clerk of court for delivery to proper owner.

Appeal from Wayne; Richter (Theodore J.), J. Submitted October 12, 1932. (Docket No. 74, Calendar No. 36,787.) Decided December 6, 1932.

Receivership proceedings by Rudolph E. Reichert, State banking commissioner, against Guaranty Trust Company. On petition of Eugene J. Stevenson, administrator of the estate of George H. Purchase, deceased, to compel Detroit Trust Company,

receiver of Guaranty Trust Company, to impress a trust upon certain bonds. Petition dismissed. Petitioner appeals. Reversed.

*Joslyn, Joslyn & Joslyn (John R. Rood* and *George E. Brand,* of counsel), for petitioner.

*A. W. Sempliner (Jason L. Honigman,* of counsel), for receiver.

SHARPE, J. On June 6, 1927, Joseph A. Moross and Maude S. Moross, his wife, first parties, Guaranty Trust Company of Detroit, second party, and Marie C. Purchase, third party, entered into an agreement which, after reciting that first parties had executed and delivered to second party, as trustee, a certain trust mortgage on certain real estate in Detroit for the sum of $115,000; that third party had delivered to second party a discharge of a mortgage on said premises, owned by her, in the sum of $70,000; that Eugene J. Stevenson, administrator of the estate of George H. Purchase, deceased, had secured an order from the circuit court for the county of Wayne, in chancery, restraining third party from assigning or transferring said mortgage, and that it was the desire of first and third parties that said $70,000 mortgage be paid out of the proceeds of the $115,000 mortgage, provided that—

"Said party of the second part is hereby authorized and directed and agrees to pay to said party of the third part the accrued interest due upon said mortgage of $70,000 above mentioned upon the delivery by said party of the third part to said party of the second part of a lawful discharge of said mortgage and said party of the second part

is hereby authorized and agrees to deduct from the proceeds of said first described mortgage of $115,000 said $70,000 and hold said sum as trustee for such parties as may be entitled thereto in accordance with the disposition of said cause in the circuit court for the county of Wayne, in chancery or on appeal; that during the time said sum of $70,000 is held by said party of the second part as trustee, it shall pay to said party of the third part interest thereon at six per cent. per annum payable semi-annually. Said second party shall also have the right pending the determination of said cause to pay said money to said court or any other party upon the order of said court or the Supreme Court of the State of Michigan.

"Second party agrees that it will, upon the exhibition to it of a certified copy of a final order or decree of said circuit court or of the Supreme Court of the State of Michigan showing that said suit has been dismissed or has been terminated in favor of third party together with the written consent of ᷉ Lodge & Brown, her attorneys, promptly pay over to her said sum of $70,000 with accrued interest thereof."

On July 1, 1931, the Detroit Trust Company had been appointed receiver of the Guaranty Trust Company, on petition of the State banking commissioner, because of its insolvency. On September 23, 1931, a decree was rendered in the proceeding above referred to, brought by Stevenson as administrator, which recited that the proceeds of the $70,000 mortgage had been invested by the trust company in bonds secured by real estate mortgages and that said bonds were then in the possession of said receiver, and Marie C. Purchase was ordered to—

"forthwith make, execute and deliver to plaintiff or to Lee E. Joslyn, his attorney, an order directing

the Guaranty Trust Company of Detroit, a Michigan corporation and/or the Detroit Trust Company, its receiver, to turn over and deliver to Thomas F. Farrell, clerk of the circuit court for the county of Wayne, the $70,000 in bonds in its possession as aforesaid; that in default of the execution and delivery of said order by the said Marie C. Purchase as hereinbefore provided, within five days from the date hereof, this decree shall be and constitute an order directing the said Guaranty Trust Company of Detroit, a Michigan corporation, and/or the Detroit Trust Company, its receiver, to turn over and deliver said bonds unto said Thomas F. Farrell, clerk of this court; and the plaintiff is authorized to take such proceedings as may be necessary to complete the turning over and delivery of said bonds to the clerk of this court."

Marie C. Purchase failed to comply with the terms of the decree. On December 1, 1931, the administrator filed the petition herein in the chancery proceedings in which such receiver was appointed, praying for an order requiring the trust company to do so. After a hearing thereon, in which certain proofs were taken, the trial court found that the relation existing between the trust company and Marie C. Purchase was that of debtor and creditor, and entered an order dismissing the petition, from which the administrator has taken this appeal.

No claim is made that the decree rendered on September 23d is in any way binding upon the receiver. It was not a party thereto. In a supplemental brief filed by counsel for the administrator it is insisted that the trust company, having notice of the order of the court restraining Mrs. Purchase from disposing of the mortgage, had no legal right to accept the discharge from her and enter into the contract above referred to, and that when the

proceeds of said mortgage came into its hands it should be held to hold the same in trust for the administrator. In its decree rendered on September 23d the court, doubtless as requested by counsel for the receiver, treated the transfer of the discharge of mortgage as valid, and on it based the right to relief granted therein. For this reason we are unwilling to consider the question thus presented.

Decision hinges upon whether, under the agreement of June 6, 1927, the relationship of trustee and *cestui que trust* or that of debtor and creditor was established between Mrs. Purchase and the Guaranty Trust Company as to the proceeds of the $70,000 mortgage. The original books of entry of the Guaranty Trust Company were put in evidence. An entry therein on a sheet, entitled "Corporate Trust Department, Joseph A. Moross, Loan No. 1068," shows that this account was balanced on July 30, 1927, by payment to the trust company of the sum of $71,610.96, and on a sheet, entitled "Trust No. 1779, Title of Trust-Marie Purchase," the first item is an entry showing the transfer of this sum from the Moross corporate trust to the account of Marie Purchase. It included the interest on her mortgage to that date, and a check for this amount, drawn on the First National Bank, in which the trust company kept its account, was delivered to her.

On August 4, 1927, the trust company issued a check payable to itself for $28,446.33 for the purchase of $28,000 of bonds and $446.33 accrued interest thereon, and on the next day its check for $42,437 for the purchase of $42,000 of bonds and $437 accrued interest thereon. The Marie C. Purchase Trust No. 1779 was charged with the $70,000

paid for these bonds, and the trust company's income account was charged with the accrued interest included in these checks. Each six months thereafter the trust account was charged with $2,100, the semi-annual interest on the $70,000. The vouchers issued therefor had written thereon, "Payment of interest in accordance with the terms of trust agreement of June 6, 1927."

While changes thereafter were made in the account, owing to certain of the bonds having been paid and others substituted in their places, the question at issue may, we think, be fairly determined from the facts as above stated.

At the time the agreement of June 6, 1927, was entered into, Moross was the owner of the property in question, subject to the mortgage to Marie C. Purchase of $70,000. He wanted to borrow more money. Mrs. Purchase had been enjoined from discharging her mortgage until the suit then pending to determine the rights of the administrator thereto had been disposed of. The trust company was willing to float the bonds secured by the $115,000 mortgage for Moross if the holders were protected as against the $70,000 mortgage. To protect the rights of all concerned, this agreement was entered into. Mrs. Purchase had no right to deliver a discharge of the mortgage to the trust company and accept its personal undertaking to pay her the amount thereof. She was enjoined from so disposing of it and an intent on her part to do so, or on the part of the trust company to so accept it, cannot be inferred. The trust company agreed to deduct from the $115,000 mortgage the amount of the $70,000 and to "hold said sum as trustee," not for her alone, but "for such parties as may be entitled thereto in accordance with the disposition of said

cause in the circuit court for the county of Wayne, in chancery or on appeal.''

It agreed to pay Mrs. Purchase interest on the sum in its hands at 6 per cent. per annum, payable semi-annually, but it also reserved to itself the right to pay the money into court. This provision was doubtless inserted by it to protect itself in case it was unable to make such interest payments without loss to it. The use of the word ''trustee'' is not in all cases decisive that a trust estate has been created, neither does the provision for payment of interest clearly negative the intent to create such an estate. The intent must be gathered from the entire instrument, and from it we can but find that the $70,000 came into the hands of the trust company as a trust fund. It made investments thereof, and, as the moneys it so received in trust are traceable into bonds in its possession, these should be delivered by it to the clerk of the court.

The order entered is reversed and set aside, with costs, and the cause remanded, with direction to enter one as prayed for in the petition.

CLARK, C. J., and McDONALD, POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.